**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joseph A. Kanefield (No. 15838)
Brunn (Beau) W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
Anthony R. Napolitano (No. 34586)
Robert Makar (No. 33579)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8958
Joe.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
Anthony.Napolitano@azag.gov
Robert.Makar@azag.gov
*Attorneys for Plaintiffs State of Arizona and Mark Brnovich in his official capacity*

**AUSTIN KNUDSEN**
**MONTANA ATTORNEY GENERAL**

David M. Dewhirst*
   *Solicitor General*
215 N Sanders St.
Helena, MT 59601
Phone: (406) 444-4145
David.Dewhirst@mt.gov

**pro hac vice* forthcoming

*Attorneys for Plaintiff State of Montana*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona; State of Montana; and Mark Brnovich, in his official capacity as Attorney General of Arizona,<br><br>    Plaintiffs,<br><br>v.<br><br>United States Department of Homeland Security; United States of America; Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; Troy Miller, in his official capacity as Acting Commissioner of United States Customs and Border Protection; Tae Johnson, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and Tracy Renaud, in her official capacity as Acting Director of U.S. Citizenship and Immigration Services,<br><br>    Defendants. | No. 2:21-cv-00186-SRB<br><br>**JOINT MOTION FOR SCHEDULING ORDER** |

Plaintiffs and Defendants (the "Parties") hereby move this Court, pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 7.2, to issue a scheduling order to address the briefing, oral argument, and discovery schedule for Plaintiffs' Motion for Preliminary Injunction ("PI Motion"), Dkt. 17. The Parties have met and conferred regarding these issues and are unable to reach a complete agreement. Their joint agreement, as well as their respective positions on those issues for which there was not agreement, are set forth below:

**Parties' Joint Position:**

Plaintiffs filed their Motion for a Preliminary Injunction on March 12, 2021. ECF No. 17. Under LRCiv 7.2(c), Defendants' Responsive Memorandum is due on or before March 26. On March 12, 2021, the Court granted Plaintiffs' Motion to Exceed Page Limit, allowing Plaintiffs to file a motion not to exceed 24 pages. *See* ECF No. 16. Defendants respectfully request a corresponding enlargement of pages for their Responsive Memorandum to 24 pages. Plaintiffs' 24-page motion raises numerous jurisdictional questions as well as those of statutory interpretation and administrative law. Defendants request additional pages to fully address these matters to aid the Court's review. Plaintiffs consent to this enlargement of pages.

The Parties have also agreed to the following schedule for briefing and any argument on this motion, and respectfully request that the Court enter an order adopting it:

- Defendants' Responsive Memorandum, not to exceed 24 pages, shall be filed on or before March 26, 2021.
- Plaintiffs' Reply Memorandum, if any, shall be filed on or before April 2, 2021.
- Oral Argument via telephone or video teleconference set between April 5, 2021 and April 9, 2021.

A proposed form of order is attached.

**Plaintiffs' Position:**

The strong public interest in this case justifies limited discovery including disclosure

of the administrative records for the challenged DHS January 20 Memorandum and February 18 Interim Guidance. The administrative record is a critical element to the Court's review of claims under the Administrative Procedure Act ("APA"). 5 U.S.C. § 706. Additionally, especially as Plaintiffs' PI Motion argues there was a pretextual element in Defendants' issuance of the challenged policies, further discovery is also warranted. *See Department of Commerce v. New York*, 139 S.Ct. 2551 (2019). Therefore, Plaintiffs propose the following:

1. Each side may serve up to 3 requests for production and 5 interrogatories within 2 days of this Court issuing the scheduling order with responses due by March 23, 2021.

2. Defendants are to produce the full Administrative Record for the January 20 Memorandum and February 18 Interim Guidance by March 18, 2021.

The State will not respond to the lengthy points asserted by DOJ in its portion of this Motion because it is not helpful to getting a schedule in this matter set expeditiously, but if the Court believes such a response would be helpful, the State will submit one within twenty-four hours of any request for briefing by the Court.

**Defendants' Position:**

**I.      Early Production of an Administrative Record is Unwarranted.**

Production of an administrative record at this early stage is unnecessary and out of step with ordinary APA litigation. *See, e.g.*, D.D.C. L. Civ. R. 7(n)(1) (filing of administrative record after answer); D. Kansas L. Civ. R. 83.1(c)(1) (filing of administrative record with answer); D. Utah L. Civ. R. 7-4(a)(4–5) (filing of administrative record after ruling on motion to dismiss). The only action Plaintiffs seek to preliminarily enjoin is the 100-day pause on removals announced in Defendants' January 20 memorandum. Plaintiffs briefly address a second February 18 memorandum—itself issued 22 days before Plaintiffs' motion was filed—but that memorandum by its own terms does not have anything to do with the removal pause Plaintiffs challenge. Plaintiffs' challenge

is to an interim enforcement policy for noncitizens; exercises of enforcement discretion and non-final agency action like this do not require a corresponding administrative record at all. Such decisions are entirely beyond judicial review, and therefore this Court may review the PI motion without an administrative record. *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).

Requiring Defendants to compile an administrative record for the February 18 memorandum here is particularly unwarranted. First, Plaintiffs already have, and have cited to, the administrative record for the January 20 memorandum. *See* PI Mem. at 2. Second, Plaintiffs do not even directly challenge the February 18 memorandum separate from their challenge to the January 20 memorandum. *See* FAC ¶¶ 9, 73 (mentioning February 18 memorandum but explaining it did not "materially change the substance" of the January 20 memorandum). Third, it is unlikely that Defendants could compile a complete administrative record for the February 18 memorandum within the preliminary injunction briefing schedule.

Even if the Court believes an administrative record is required to review the challenged memorandum, the Supreme Court has recently counseled that the district court should "first resolve[] the Government's threshold arguments," when accepting them "likely would eliminate the need for the District Court to examine a complete administrative record." *In re United States*, 138 S. Ct. 443 (2017) (per curiam). The government has numerous threshold arguments that warrant delaying compilation and production of an administrative record.

- Plaintiffs have not demonstrated a non-speculative injury caused by the challenged memoranda, as the Constitution requires for Article III standing. *See Arpaio v. Obama*, 797 F.3d 11 (D.C. Cir. 2015) (finding that Sheriff Joe Arpaio did not have standing to challenge policies to defer certain removals on the basis they would increase crime in Maricopa County).
- The agency's decision whether to execute removal orders is an enforcement decision committed to agency discretion. *See Reno v. Am.-Arab Anti-Discrimination Comm.*,

3

525 U.S. 471, 484 (1999) (emphasizing executive discretion to "decline to execute a final order of deportation"); *see also Chaney*, 470 U.S. at 832.

- The challenged action is not "final agency action" because it does not make any final determination as to anything. The memoranda do not change any person's legal status, determine any legal benefits, or reverse any final order of removal. *See, e.g.*, *Inst. for Fisheries Res. v. Hahn*, 424 F. Supp. 3d 740, 750 n.6 (N.D. Cal. 2019) ("A forward-looking statement of enforcement priorities is not final agency action.").

- Plaintiffs are not proper parties to invoke § 1231. That statutory provision does not "create any substantive or procedural right or benefit that is legally enforceable by *any* party against" the government. 8 U.S.C. § 1231(h). *United States v. State of Arizona*, 2011 WL 13137062, at *11 n.8 (D. Ariz. Oct. 21, 2011) (Bolton, J.). In any event, Plaintiffs do not come within the zone of interests of this provision. *See Hernandez–Avalos v. INS*, 50 F.3d 842, 844 (10th Cir. 1995).

- The purported Agreements between Plaintiffs and DHS are invalid and unenforceable because they attempt an unlawful delegation of federal power, were entered without statutory authorization, and were entered without consideration. *Biodiversity Assocs. v. Cables*, 357 F.3d 1152, 1172 (10th Cir. 2004); *Stone v. Mississippi*, 101 U.S. 814, 817 (1880); *U.S. Telecom Ass'n v. F.C.C.*, 359 F.3d 554, 565 (D.C. Cir. 2004); *Trauma Service Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

- The purported Agreements cannot be enforced by an order of specific performance because the United States has not waived sovereign immunity for such claims. *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

More broadly, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Particularly because, as mentioned, an exercise of enforcement discretion and the promulgation of enforcement priorities traditionally is not subject to APA review at all, agencies ordinarily do not compile an administrative record contemporaneously with the action itself. In these

circumstances, requiring an agency to identify what should be included in and to compile the administrative record can be involved and would often delay resolution of a motion for a preliminary injunction; courts therefore frequently rule on motions for preliminary relief without the administrative record. *E.g.*, *Electro Medical Techs., LLC v. Napolitano*, 2013 WL 12120094, at *3 (D. Ariz. June 6, 2013) (Bolton, J.) (denying preliminary injunction and noting that the "parties will have an opportunity to brief the issues relevant to this Court's review of the agency decision upon a more fully developed administrative record").

## II. Discovery at Any Time, Much Less Expedited Discovery, is Inappropriate.

### a. Discovery is generally not available in an APA case.

This case is an APA challenge to agency action setting forth agency enforcement priorities. *See* FAC ¶¶ 76–99 (claims for relief). Such an action is committed to agency discretion and is not "final agency action." It is thus not subject to judicial review *at all*. But even if it were, judicial review of agency action is limited to "the whole record or those parts of it cited by the party." 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*, 470 U.S. 729, 743-44 (1985). Thus, when there is a "contemporaneous explanation" for an agency's decision, its validity "must . . . stand or fall on the propriety of that finding." *Camp v. Pitts*, 411 U.S. 138, 143 (1972). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co.*, 470 U.S. at 744.

For that reason, cases like this one, which proceed, if at all, on an administrative record, are exempt from a Rule 26(f) conference all together. *See* Fed R. Civ. P. 26(a)(1)(B)(i); 26(f)(1). Accordingly, "discovery is generally not permitted in APA cases." *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (citing *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002)). Plaintiffs invoke the exception to this general rule against discovery for when an agency has engaged in bad faith. But that is an exception not lightly invoked, and simply alleging bad faith does not

5

automatically generate discovery: "normally there must be a *strong showing* of bad faith or improper behavior before the court may inquire into the thought processes of administrative decisionmakers." *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1437 (9th Cir. 1988) (quoting *Pub. Power Council v. Johnson*, 674 F.2d 791, 795 (9th Cir. 1982)) (emphasis added). Despite this well-established evidentiary burden, Plaintiffs' motion simply asserts without evidence or explication that the February 18 memorandum is pretext for the January 20 memorandum that they challenge. *See* ECF No. 17 at 3; *see also* FAC (similarly omitting any detail to support claim of pretext). But the February 18 memorandum is not "pretext" for the (now enjoined) temporary pause on removals set out in Section C of the earlier January 20 memorandum; the February 18 memorandum implements Section B of the January 20 memorandum and, also, allows for removals.

Contrary to Arizona's intimation, the Supreme Court also did not suggest in *Department of Commerce* that a mere *claim* of pretext automatically entitled a plaintiff to discovery. Instead, it reaffirmed that a "strong showing of bad faith or improper behavior" is necessary. 139 S. Ct. 2551, 2574 (2019) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). The burden was met in that case only because the complete administrative record directly contradicted the Secretary's stated reason for the action. *Id.* Here, Plaintiffs fail to explain how the justifications laid out in the challenged memoranda—including, for example, resource limitations—are pretextual. Indeed, Defendants, across multiple administrations, have consistently referred to resource limitations to justify modifications to immigration policy. *See, e.g.*, *Arpaio*, 797 F.3d at 16; Designating Aliens for Expedited Removal, 84 Fed. Reg. 35409, 35411 (July 23, 2019). Plaintiffs have made *no* showing of pretext, much less the required "strong showing."

b. *Discovery at this time is inappropriate in any event.*

Even if Plaintiffs had met their burden to make a "strong showing" of bad faith that might warrant extra-record discovery, the Supreme Court precedent on which they rely expressly cautions *against* discovery before completion of the administrative record. *See Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2574 (2019) (noting that the order

6

permitting discovery was "premature" before the administrative record had been completed); *id.* at 2580 (Thomas, J., concurring in part and dissenting in part) (noting that 8 Justices agreed on this point).

The Supreme Court has similarly admonished that serious questions going to jurisdiction or other justiciability doctrines must be "take[n] into account in assessing the burdens of discovery." *United States v. U.S. Dist. Court for Dist. of Oregon*, 139 S. Ct. 1 (2018) (per curiam); *see also In re United States*, 138 S. Ct. 443, 445 (2017). Given the weighty separation-of-powers concerns presented by judicial intervention in federal immigration enforcement discretion, the Court should definitively resolve those preliminary issues, at the motion-to-dismiss stage, before subjecting the government to the burden of intrusive discovery. Plaintiffs' proposed discovery may be limited in number but is not limited in scope. Even three requests for production and five interrogatories can create a substantial burden for the agency; especially on an expedited timeline. Moreover, Plaintiffs have failed to meet their burden of establishing that the discovery sought is both relevant and proportionate to their PI motion.

Plaintiffs cannot overcome multiple threshold legal principles that categorically bar their claims. *See supra* (identifying threshold arguments). These threshold arguments preclude the Court from reaching the merits of Plaintiffs' claims and thereby render any discovery categorically inappropriate. But for present purposes it is enough to recognize that "the justiciability of those claims presents substantial grounds for difference of opinion," and that discovery is inappropriate prior to adjudication of the threshold legal issues on a motion to dismiss. *U.S. Dist. Court for Dist. of Oregon*, 139 S. Ct. at 1; *see In re United States*, 138 S. Ct. at 445.

Plaintiffs have made no showing that they are entitled to discovery in this review of agency action. Nor have Plaintiffs made any showing that would entitle them to *expedited* discovery outside the ordinary parameters of the Federal Rules of Civil Procedure.

*c. Any ordered discovery should be reciprocal.*

To the extent the Court orders discovery, then it should likewise provide Defendants an opportunity to request discovery of Plaintiffs. In particular, Defendants would anticipate seeking discovery on Plaintiffs' basis for standing and the development and adoption of the purported Agreements. Defendants do not believe either party should be burdened by discovery in this expedited posture but any burden, should it go forward, should be reciprocal. In such a scenario, Plaintiffs should provide responses to Defendants' discovery requests with sufficient time for Defendants to incorporate their responses into their briefing.

RESPECTFULLY SUBMITTED this 15th day of March, 2021.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By /s/ *Anthony R. Napolitano*_____
     Joseph A. Kanefield (No. 15838)
     Brunn W. Roysden III (No. 28698)
     Drew C. Ensign (No. 25463)
     Anthony R. Napolitano (No. 34586)
     Robert J. Makar (No. 33579)
        *Assistant Attorneys General*

*Attorneys for Plaintiffs Arizona and Arizona Attorney General Mark Brnovich*

**AUSTIN KNUDSEN**
**ATTORNEY GENERAL OF MONTANA**

/s/ *David M.S. Dewhirst (with permission)*
David M.S. Dewhirst*
 *Solicitor General*
*Pro hac vice application forthcoming

*Attorneys for Plaintiff State of Montana*

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

 /s/ Michael F. Knapp
MICHAEL F. KNAPP
CA Bar No. 314104
Trial Attorney
ADAM KIRSCHNER
IL Bar No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW Room 12008
Washington, D.C. 20530
(202) 514-2071 (telephone)
(202) 616-8470 (facsimile)
Email: Michael.F.Knapp@usdoj.gov
   Adam.Kirschner@usdoj.gov
   Brian.C.Rosen-Shaud@usdoj.gov
   Kuntal.Cholera@usdoj.gov

*Counsel for Defendants*

**LOCAL RULE 7.2(J) CONSULTATION CERTIFICATE**

Undersigned counsel hereby certifies that after consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the disputed matters presented in the above Joint Motion for Scheduling Order.

Dated: March 15, 2021

/s/ *Anthony R. Napolitano*
Anthony R. Napolitano