# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-21-00186-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Homeland Security, et al., | |
| Defendants. | |

On January 20, 2021, the Acting Director of the Department of Homeland Security issued a Memorandum Re: Review of and Interim Revision to Civil Immigration Enforcement Policies and Priorities ("Removal Memorandum"). On February 18, 2021, the Acting Director of Immigration and Customs Enforcement issued a Memorandum to All ICE Employees on the Subject: Interim Guidance: Civil Immigration Enforcement and Removal Priorities in support of the Removal Memorandum. The Amended Complaint in this case filed on March 8, 2021 seeks declaratory and injunctive relief relating to the Immediate 100-Day Pause on Removals outlined in the Removal Memorandum and in the Interim Guidance. Also, on March 8, 2021 Plaintiffs filed a Motion for Preliminary Injunction seeking to enjoin and restrain enforcement and implementation of the 100-Day Pause on Removals described in the Removal Memorandum and in the Interim Guidance.

On March 15, 2021 the parties filed a Joint Motion for Scheduling Order agreeing on a briefing schedule for the Preliminary Injunction Motion but disagreeing about whether limited discovery should be allowed and whether the administrative records for the

Removal Memorandum and the Interim Guidance should be filed before the hearing on the motion. The Court has set the agreed upon briefing schedule and a date for hearing on the motion in a separate Order.

Plaintiffs ask to serve three requests for production and five Interrogatories with a response date of March 23, 2021. Plaintiffs also request the Court to order the production of the full administrative record for both the Removal Memorandum and the Interim Guidance by March 18, 2021. Plaintiffs offer three reasons. First, Plaintiffs say that "strong public interest … justifies limited discovery including disclosure of the administrative records." Second, "[t]he administrative record is critical to the Court's review of claims under the Administrative Procedure Act." And third, "Plaintiff's Preliminary Injunction Motion argues there was a pretextual element in the Defendants' issuance of the challenged policies." Defendants oppose the requested discovery in advance of the Preliminary Injunction hearing and oppose production of the administrative record until after an Answer is filed. Defendants also argue that discovery is ordinarily not permitted in an Administrative Procedures Act review and the mere assertion of pretext is insufficient to justify discovery. Defendants also say that Plaintiffs already have the administrative record for the Removal Memorandum and compilation of the record for the Interim Guidance could not reasonably be accomplished before the Preliminary Injunction hearing which the parties have requested for early April, 2021.

The Court will not authorize the requested discovery or order the filing of the administrative records in advance of the Preliminary Injunction hearing for several reasons. Plaintiffs' first justification for its request for the immediate filing of the administrative records is the strong public interest in the case. Unsurprisingly no authority is cited to support this justification and the Court is unaware of any authority suggesting that in an Administrative Procedure Act review of agency action that strong public interest accelerates the filing of the administrative record. And while the Court agrees that the administrative record is critical to the Court's review of agency action, that is also not sufficient justification for the accelerated filing requested here as it relates to the Interim

Guidance. The administrative record for the Removal Memorandum is apparently already in the hands of Plaintiffs who cite to it in their Motion for Preliminary Injunction and comment that it is "paper-thin." This apparently scant administrative record obtained from litigation in Texas concerning the same Removal Memorandum is used as partial justification for Plaintiffs' claim of illegality in the issuance of the Removal Memorandum. "Here, the administrative record has no genuine reasoning, and Defendants accordingly have no genuine defense." (Doc. 17, Mot. Prelim. Inj. at 2.) The Court also agrees with Defendants that the mere allegation of pretext in the Amended Complaint does not automatically open discovery into matters outside the administrative record.

      IT IS ORDERED denying in part the parties' Joint Motion for Scheduling Order.

      Dated this 17th day of March, 2021.

_____
Susan R. Bolton
United States District Judge