BRIAN M. BOYNTON
ACTING ASSISTANT ATTORNEY GENERAL

BRIGHAM J. BOWEN
ASSISTANT BRANCH DIRECTOR

Brian C. Rosen-Shaud (ME Bar No. 006018)
Adam Kirschner (IL Bar No. 6286601)
Michael F. Knapp (CA Bar No. 314104)
Kuntal Cholera (DC Bar No. 1031523)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
(202) 305-7667 (telephone)
(202) 616-8470 (facsimile)
Email: Brian.C.Rosen-Shaud@usdoj.gov
       Adam.Kirschner@usdoj.gov
       Michael.F.Knapp@usdoj.gov
       Kuntal.Cholera@usdoj.gov

*Counsel for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Puente Human Rights Movement, et al.,<br>　　　Plaintiffs,<br><br>　　v.<br><br>Mark Brnovich, in his official capacity as Attorney General of Arizona, et al.,<br>　　　Defendants. | CV21-446-PHX-JJT<br><br>**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER** |

The Federal Defendants, Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; David Pekoske, in his official capacity as Senior Official Performing the Duties of Deputy Secretary of Homeland Security; Tracy Renaud, in her official capacity as Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services; Tae D. Johnson, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; Troy Miller, in his official capacity as Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection; United States Department of Homeland Security; United States Citizenship and Immigration Services; United States Immigration and Customs Enforcement; and United States Customs and Border Protection, respectfully submit this memorandum in support of Plaintiffs' motion pursuant to Local Rule ("LRCiv") 42.1(a) to transfer this action to District Judge Susan R. Bolton.

## BACKGROUND

In *Arizona v. DHS*, No. CV21-186-SRB (D. Ariz.), Arizona and Montana have alleged that DHS's exercise of its long-recognized enforcement discretion by pausing certain removals for 100 days was unlawful because, *inter alia*, DHS breached a purported commitment under "SAFE Agreements" to consult with the States before enacting various immigration policies. *Arizona* Am. Compl. (ECF No. 12). For the SAFE Agreement with Arizona, Kenneth Cuccinelli, then the Senior Official Performing the Duties of Deputy Secretary of Homeland Security, signed the document, ostensibly on behalf of Federal Defendants, and Arizona Attorney General Mark Brnovich signed on behalf of the Arizona Attorney General's Office and the Arizona Department of Law.[1] *Arizona* Ex. C (ECF No. 12-1)

Arizona and Montana (the States) filed their Complaint on February 3, 2021, and have since filed an Amended Complaint and motion for a preliminary injunction on March 8, 2021. *Arizona* Am. Compl. (ECF No. 12); *Arizona* PI Mot. (ECF No. 17). Their motion for preliminary injunction relies, in part, on their argument that DHS violated the Arizona SAFE Agreement. *Arizona* PI Mot. at 14. In opposing the States' motion, Federal Defendants argued

---

[1] DHS also purportedly entered similar agreements with Montana and numerous other states and localities.

that the SAFE Agreement is void and unenforceable, and that Cuccinelli lacked the authority to enter into the agreement. *Arizona* Defs.' Opp'n at 20-22 (ECF No. 26). The States' suit is currently pending before Judge Bolton and oral argument is scheduled for April 8, 2021.

Plaintiffs in the instant action—*Puente Human Rights v. Brnovich*, No. CV21-446-JJT (D. Ariz.)—are three non-profits that allege that Arizona's SAFE Agreement violates various statutory and constitutional provisions. *Puente Human Rights* Compl. (ECF No. 1). Plaintiffs also allege that Cuccinelli lacked the authority to enter into the SAFE Agreement. Plaintiffs repeatedly cite *Arizona v. DHS* as evidence of the harm they believe the SAFE Agreement is causing the organizations and their clients. *E.g.*, *Puente* Compl. ¶¶ 3, 8, 18, 80-81. Plaintiffs filed their Complaint on March 16, 2021; there are no pending motions other than the motion to transfer, and the case was assigned to Judge Tuchi on March 31, 2021.

## ARGUMENT

**I.    Plaintiffs Have Satisfied the Factors in Local Rule 42.1(a) for Transfer.**

As relevant to Plaintiffs' motion, Local Rule 42.1(a) provides that a party may move to transfer two or more different cases to a single judge when the party believes that the cases (1) "arise from substantially the same transaction or event;" (2) "involve substantially the same parties or property;" (3) "call for determination of substantially the same questions of law;" or (4) "for any other reason would entail substantial duplication of labor if heard by different Judges." LRCiv 42.1(a). When considering a motion under Local Rule 42.1(a), "[a] principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *City of Phoenix v. First State Ins. Co.*, No. CV-15-00511-PHX-NVW, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016), *aff'd*, No. 16-16767, 2018 WL 1616011 (9th Cir. Apr. 4, 2018).

Because plaintiffs have demonstrated that all of the factors set forth in Local Rule 42.1(a) support transfer here, the Court should grant Plaintiffs' motion. Most significantly, both *Arizona* and *Puente Human Rights* call for the Court to determine substantially the same question of law: whether the SAFE Agreement is invalid and unenforceable. One of Federal Defendants' arguments in *Arizona* is that the SAFE Agreement was entered without valid

authority. *Arizona* Defs.' Opp'n at 20. The *Puente* Plaintiffs relatedly argue that the SAFE Agreement is void because Cuccinelli lacked the authority to bind Federal Defendants. *Puente* Compl. ¶¶ 114-138. In addition, Federal Defendants have argued in *Arizona* that the SAFE Agreement is void because it purports to contract away and subdelagate to the States the federal government's sovereign power to regulate immigration. *See Arizona* Defs.' Opp'n at 21-22. The *Puente* Plaintiffs make the related argument that the SAFE Agreement violates the Supremacy Clause by interfering with the federal immigration power. *Puente* Compl. ¶¶ 139-52; *see also id.* ¶¶ 153-162 (alleging the SAFE Agreement "deprives [certain] persons of their right to a uniform system of laws, regulations and policies determined by the federal government," ¶ 160). Moreover, the Federal Defendants are parties to both cases, as is Arizona or its Attorney General.

Transferring this action, *Puente Human Rights*, to Judge Bolton would substantially serve both judicial economy and party economy. *First*, transfer would eliminate the prospect of two district judges issuing conflicting rulings about Federal Defendants' obligations under the SAFE Agreements. In both *Arizona* and *Puente Human Rights*, the Court with jurisdiction may find it necessary to decide whether the Arizona SAFE Agreement is valid. Were the Court to invalidate the SAFE Agreement in *Puente Human Rights*, that would in effect erase Arizona's claim that is based on its SAFE Agreement in *Arizona*. *Second*, these issues were pending before Judge Bolton prior to the filing of this case. The *Arizona* motion for a preliminary injunction has been pending before Judge Bolton since March 8, 2021, and that Court scheduled oral argument for this week. By contrast, *Puente* was assigned to Judge Tuchi only last week.

Defendant Brnovich will not be prejudiced by a transfer. Both cases name all Federal Defendants and either the State of Arizona or its Attorney General. The validity of the SAFE Agreement is an issue that has been raised in both suits. If anything, party economy would be substantially served by streamlining proceedings by transferring this action to Judge Bolton.

## CONCLUSION

For these reasons, the Court should grant the motion to transfer.

RESPECTFULLY SUBMITTED this 6th day of April, 2021.

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                BRIGHAM J. BOWEN
                Assistant Branch Director
                Federal Programs Branch

                /s/ *Brian C. Rosen-Shaud*
                BRIAN C. ROSEN-SHAUD
                ME Bar No. 006018
                Trial Attorney
                ADAM KIRSCHNER
                IL Bar No. 6286601
                Senior Trial Counsel
                MICHAEL F. KNAPP
                CA Bar No. 314104
                KUNTAL CHOLERA
                DC Bar No. 1031523
                Trial Attorneys
                U.S. Department of Justice
                Civil Division, Federal Programs Branch
                1100 L Street, NW
                Washington, D.C. 20530
                (202) 305-7667 (telephone)
                (202) 616-8470 (facsimile)
                Email: Michael.F.Knapp@usdoj.gov
                          Adam.Kirschner@usdoj.gov
                          Brian.C.Rosen-Shaud@usdoj.gov
                          Kuntal.Cholera@usdoj.gov

                *Counsel for Federal Defendants*