**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joseph A. Kanefield (No. 15838)
Brunn (Beau) W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
Anthony R. Napolitano (No. 34586)
Robert Makar (No. 33579)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8958
Joe.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
Anthony.Napolitano@azag.gov
Robert.Makar@azag.gov
*Attorneys for Plaintiffs State of Arizona and*
*Mark Brnovich in his official capacity*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona; State of Montana; and Mark Brnovich, in his official capacity as Attorney General of Arizona,<br><br>        Plaintiffs,<br><br>        v.<br><br>United States Department of Homeland Security; United States of America; Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; Troy Miller, in his official capacity as Acting Commissioner of United States Customs and Border Protection; Tae Johnson, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and Tracy Renaud, in her official capacity as Acting Director of U.S. Citizenship and Immigration Services,<br><br>        Defendants. | No. 2:21-cv-00186-SRB<br><br>**MARK BRNOVICH'S RESPONSE IN OPPOSITION TO PUENTE PLAINTIFFS' MOTION TO TRANSFER** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark Brnovich, Attorney General of the State of Arizona ("Brnovich"), hereby responds in opposition to the Motion to Transfer *Puente v. Brnovich*, 2:21-cv-446-JJT (D. Ariz.), to the Honorable Susan R. Bolton (Doc. 33). A transfer is inappropriate under Local Rule of Civil Procedure ("Local Rule") 42.1 as the *Puente* Plaintiffs lack standing and the alleged facts, questions of law, and parties in are not sufficiently similar to those in this case, *Arizona v. DHS*, 2:21-cv-186-SRB (D. Ariz.).

First, the *Puente* Plaintiffs lack standing as they cannot point to any injury from the implementation of the Memorandum of Understanding ("MOU", also referred to by *Puente* Plaintiffs as the "SAFE Agreement") between Brnovich and the Department of Homeland Security ("DHS"). *E.g.*, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (U.S. CONST., art. III, § 2 "demand[s] that an actual controversy … be extant at all stages" of litigation) (internal quotation marks omitted). The MOU has never been operationalized and DHS has taken steps to terminate the MOU on February 2, 2021, prior to the filing of the *Puente* Complaint on March 16, 2021. *Compare* DHS Termination Letter, Ex. F, Doc. 12-1 at 37-38, *with* Compl., *Puente v. Brnovich*, No. 2:21-cv-446-JJT (D. Ariz. Mar. 16, 2021), ECF No. 1 ("*Puente* Complaint"). The *Puente* Plaintiffs' allegations are limited to potential future injuries should the MOU be enforced, but the MOU has already been terminated and Brnovich is not seeking enforcement of the MOU through specific performance in his case against DHS. *See* Reply in Support of Preliminary Injunction, Doc. 38 at 14. Therefore, there is no chance for *Puente* Plaintiffs' alleged harms to ever become realized through enforcement of the MOU. Brnovich intends to file a motion to dismiss the *Puente* Complaint within the time set by the Court, but issues of the *Puente* Plaintiffs' standing here are a threshold question separate from the issues presented in *Arizona v. DHS*. *See* Order Granting Motion for Extension of Time, *Puente v. Brnovich*, No. 2:21-cv-446-JHT (D. Ariz. Mar. 29, 2021), ECF No. 12.

Second, these cases do not meet the criteria for related cases set out in Local Rule 42.1(a) as they do not "(1) arise from substantially the same transaction or event; (2)

1

involve substantially the same parties or property; … (4) call for determination of substantially the same questions of law; or (5) [provide] any other reason [that] would entail substantial duplication of labor if heard by different judges."[1]  The *Puente* Plaintiffs are alleging legal violations stemming from Brnovich and DHS signing an MOU in January 2021.  *Puente* Complaint at ¶¶ 114-178.  *Arizona v. DHS* involves substantial questions of administrative law, and this Court's recent order has narrowed the currently active questions to violations of the Administrative Procedure Act ("APA") and 8 U.S.C. § 1231 by DHS in issuing the Interim Guidance of February 18, 2021.  Minute Entry of Apr. 8, 2021, Doc. 42.  The MOU is only a small part of the factual record presented by the *Arizona* Plaintiffs, and its direct enforcement is not being sought in *Arizona v. DHS*.  The Interim Guidance was issued after DHS gave notice of termination of its involvement in the MOU, and so the *Puente* Plaintiffs' claims of injuries stemming from the MOU cannot be said to "arise from substantially the same transaction or event" as the active issues in *Arizona v. DHS*.

Further, the addition of private plaintiffs alleging separate claims against all sides to *Arizona v. DHS* fundamentally changes the nature and focus of the case, and so *Puente v. Brnovich* cannot be said to have "substantially the same parties" as *Arizona v. DHS*.  This also brings about wholly separate issues of law.  *Arizona v. DHS* is a challenge to the legality of the 100-day pause in removals of individuals with final orders of removal set out in the January 20, 2021, Memorandum and February 18, 2021, Interim Guidance.  The *Puente* Plaintiffs bring claims based on constitutional and statutory provisions not involved in *Arizona v. Brnovich* at all.  *Puente Complaint* at ¶¶ 114-178 (asserting causes of action under 5 U.S.C. § 3348(d)(1), U.S. CONST. art. VI, cl. 2, U.S. CONST. art. I, § 8, cl. 4, U.S. CONST. amend. XIV, 42 U.S.C. § 1983, and 28 U.S.C. § 2201 *et seq*.). Even the APA claims brought by the *Puente* Plaintiffs challenge the validity of the MOU, not either one

---

[1] The third parameter of Local Rule 42.1(a) is also inapplicable as this case does not involve a "patent, trademark, or copyright."

2

of the policies challenged in *Arizona v. Brnovich*.  At best, one of six of the *Puente* Plaintiffs' causes of action arises under the same statute—the APA—as the causes of action in *Arizona v. Brnovich*, but the cases seek to prove APA violations in relation to the issuance of different documents by different administrations.  Therefore, none of the parameters for "related cases" in Local Rule 42.1(a)(1)-(4) apply.  With these great incongruities between the two cases, trying them before different judges would not produce duplicative efforts, and in fact consolidation would result in very few—if any—efficiencies at all.

Accordingly, this case does not meet the standard for transfer under Local Rule 42.1 and this Court should deny the *Puente* Plaintiffs' Motion to Transfer.

RESPECTFULLY SUBMITTED this 13th day of April, 2021.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By /s/ *Anthony R. Napolitano*_____
    Joseph A. Kanefield (No. 15838)
    Brunn W. Roysden III (No. 28698)
    Drew C. Ensign (No. 25463)
    Anthony R. Napolitano (No. 34586)
    Robert J. Makar (No. 33579)
    *Assistant Attorneys General*

*Attorneys for Plaintiffs Arizona and Arizona Attorney General Mark Brnovich*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 13th day of April, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system, which will send a notice of filing to all counsel of record.

_/s/  Anthony R. Napolitano_