# Exhibit AA

# State of Arizona

## The Master List of State Government Programs

## and

## State Agencies' Five Year Strategic Plans

Douglas A. Ducey
GOVERNOR

**JANUARY 2019**

## Program Summary

COMMUNITY CORRECTIONS

Karen Hellman, Division Director
Phone: (602) 542-5155
A.R.S. § 41-1604

**Mission:**

*To provide effective community supervision of offenders, facilitate their successful transition from prison to the community, and return offenders to prison when necessary to protect the public.*

**Description:**

This program is charged with supervising offenders on community supervision and identifying and returning to prison offenders who violate conditions of supervision and represent a serious threat to public safety. The program refers to law enforcement and prosecutorial agencies sex offenders subject to registration, community notification, and sexually violent person laws; coordinates sex offender registration prior to release; assists in the apprehension, extradition and transportation of fugitives; completes due process on all offenders returned to custody; represents the Department at revocation hearings conducted by the Board of Executive Clemency; conducts administrative hearings; provides criminal history information to authorized criminal justice agencies; manages the implementation of the Interstate Compact for the Supervision of Adult Inmates and Offenders (releasees on community supervision); collaborates with state and community agencies; and interacts with individual victims and victim associations. This program also operates Reentry Centers in the community to assist offenders in successful completion of community supervision by offering programming, intermediate sanctions, and temporary housing for offenders released to homelessness; this program contributes to public safety and community well-being, particularly related to housing for homeless sex offenders.

| Funding: | FY 2018 Actual | FY 2019 Estimate | FY 2020 Estimate |
|---|---|---|---|
| General Funds | 17,150.3 | 16,878.6 | 16,878.6 |
| Other Appropriated Funds | 2,532.3 | 2,705.6 | 3,305.6 |
| Other Non Appropriated Funds | 6,105.7 | 10,548.4 | 10,548.4 |
| **Total Funding** | **25,788.3** | **30,132.6** | **30,732.6** |
| **FTE Positions** | **185.0** | **185.0** | **185.0** |

◆ **Goal** 1 To promote successful completion of community supervision

| Performance Measures | FY 2017 Actual | FY 2018 Estimate | FY 2018 Actual | FY 2019 Estimate | FY 2020 Estimate |
|---|---|---|---|---|---|
| Community supervision successes (average percent per month) | 70.6 | 80.0 | 67.7 | 80.0 | 80.0 |
| Re-incarcerated due to technical violations (average per month) | 269 | 250 | 255 | 225 | 215 |

**Explanation:** Used median rather than mean to adjust for wide range of 220 to 325 per month

# STATE OF ARIZONA

## MASTER LIST OF STATE GOVERNMENT PROGRAMS

## STATE AGENCIES' FIVE YEAR STRATEGIC PLANS

## AND

## CABINET AGENCIES' STRATEGIC PLAN SUMMARIES

**Douglas A. Ducey**
GOVERNOR

NOVEMBER 2020

| Funding: | FY 2020 Actual | FY 2021 Estimate | FY 2022 Estimate |
|---|---|---|---|
| General Fund | 133,776.0 | 152,270.4 | 173,491.9 |
| Other Appropriated Funds | 6,362.4 | 6,373.0 | 6,473.0 |
| Other Non Appropriated Funds | 13,788.7 | 26,451.9 | 7,145.0 |
| **Total Funding** | **153,927.1** | **185,095.3** | **187,109.9** |
| **FTE Positions** | **735.5** | **735.5** | **735.5** |

◆ **Goal** 1 To provide leadership and direction in the management of inmate population growth and the allocation of physical and fiscal resources.

| Performance Measures | FY 2019 Actual | FY 2020 Estimate | FY 2020 Actual | FY 2021 Estimate | FY 2022 Estimate |
|---|---|---|---|---|---|
| Average daily inmate population | 42,074 | 42,475 | 42,105 | 39,339 | 39,339 |
| Average daily rated bed surplus or (deficit) | (3,338) | (3,603) | (3,133) | (948) | (1,239) |

**Program Summary**

COMMUNITY CORRECTIONS

Karen Hellman, Assistant Director
Phone: (602) 542-5155
A.R.S. § 41-1604

**Mission:**

*To provide effective community supervision of offenders, facilitate their successful transition from prison to the community, and return offenders to prison when necessary to protect the public.*

**Description:**

This program is charged with supervising offenders on community supervision and identifying and returning to prison offenders who violate conditions of supervision and represent a serious threat to public safety. The program refers to law enforcement and prosecutorial agencies sex offenders subject to registration, community notification, and sexually violent person laws; coordinates sex offender registration prior to release; assists in the apprehension, extradition and transportation of fugitives; completes due process on all offenders returned to custody; represents the Department at revocation hearings conducted by the Board of Executive Clemency; conducts administrative hearings; provides criminal history information to authorized criminal justice agencies; manages the implementation of the Interstate Compact for the Supervision of Adult Inmates and Offenders (releasees on community supervision); collaborates with state and community agencies; and interacts with individual victims and victim associations. This program also operates Reentry Centers in the community to assist offenders in successful completion of community supervision by offering programming, intermediate sanctions, and temporary housing for offenders released to homelessness; this program contributes to public safety and community well-being, particularly related to housing for homeless sex offenders.

| Funding: | FY 2020 Actual | FY 2021 Estimate | FY 2022 Estimate |
|---|---|---|---|
| General Fund | 13,974.0 | 19,069.0 | 20,437.8 |
| Other Appropriated Funds | 710.8 | 2,705.6 | 2,691.8 |
| Other Non Appropriated Funds | 11,885.3 | 6,308.8 | 6,308.8 |
| **Total Funding** | **26,570.0** | **28,083.4** | **29,438.4** |
| **FTE Positions** | **177.0** | **177.0** | **177.0** |

◆ **Goal** 1 To promote successful completion of community supervision

| Performance Measures | FY 2019 Actual | FY 2020 Estimate | FY 2020 Actual | FY 2021 Estimate | FY 2022 Estimate |
|---|---|---|---|---|---|
| Re-incarcerated due to technical violations (average per month) | 248 | 225 | 209 | 200 | 200 |

# Exhibit BB

BRIAN M. BOYNTON
ACTING ASSISTANT ATTORNEY GENERAL

BRIGHAM J. BOWEN
ASSISTANT BRANCH DIRECTOR

Michael F. Knapp (CA Bar No. 314104)
Adam Kirschner (IL Bar No. 6286601)
Brian C. Rosen-Shaud (ME Bar No. 006018)
Kuntal Cholera (DC Bar No. 1031523)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW Room 12008
Washington, D.C. 20530
(202) 514-2071 (telephone)
(202) 616-8470 (facsimile)
Email: Michael.F.Knapp@usdoj.gov
Adam.Kirschner@usdoj.gov
Brian.C.Rosen-Shaud@usdoj.gov
Kuntal.Cholera@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>Department of Homeland Security, *et al.*<br><br>Defendants. | No. 2:21-cv-00186-SRB |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and pursuant to the Court's April 13, 2021 Order, ECF No. 46, the United States of America; the U.S. Department of Homeland Security (DHS); Alejandro N. Mayorkas, Secretary of Homeland Security, in his official capacity; Troy Miller, Acting Commissioner of U.S. Customs and Border Protection (CBP), in his official capacity; Tae Johnson, Acting Director of U.S. Immigration and Customs Enforcement (ICE), in his official capacity; and Tracy Renaud, Acting Director of U.S. Citizenship and Immigration Services (USCIS), in her official capacity, hereby submit the following objections and responses to Plaintiffs' Third Set of Interrogatories and Second Set of Requests for Production to All Defendants (Plaintiffs' Third Discovery Requests).

**OBJECTIONS TO DEFINITIONS**

1. Defendants object to Plaintiffs' Definition No. 2 to the extent that it defines "document" to include "all drafts or copies of a document or electronically stored information," as such a definition is inherently overbroad and unduly burdensome. To the extent that Plaintiffs seek either drafts or information contained within drafts, that information is highly likely to be subject to withholding as protected by one or more governmental privileges, including the deliberative process privilege. Searching for, reviewing, redacting and/or producing a privilege log for all such records would be unduly burdensome and disproportionate to the needs of the case. Moreover, to the extent Plaintiffs seek "all . . . copies" of a document or electronically stored information, the definition is unduly burdensome in that it would require Defendants to search for redundant documents without regard to whether those documents contain any distinct information. Accordingly, unless otherwise noted, Defendants will not produce "all . . . copies" and will not include draft documents.

2. Defendants object to Plaintiffs' Definition No. 10 to the extent the term "you" is defined as including "the United States Department of Justice," as such a definition is inherently overbroad and unduly burdensome and seeks records outside the control of the

entities responsible for the policy relevant to this litigation. Moreover, any information held by the Department of Justice in relation to this matter is likely to be subject to withholding as attorney-client privileged or work product information. Requiring Defendants to search Department of Justice records and generate a privilege log would create an undue burden and would be disproportionate to the needs of the case, particularly given that Plaintiffs are challenging a policy issued by ICE. Accordingly, unless otherwise noted, these responses are limited to knowledge or documents within the possession, custody, or control of ICE, and no other components or offices within DHS.

**OBJECTIONS TO GENERAL INSTRUCTIONS**

1. Defendants object to the General Instruction insofar as it purports to incorporate by reference Federal Rule of Civil Procedure 36, which relates to Requests for Admission and therefore has no application to Plaintiffs' Third Discovery Requests.

2. Defendants also object to the General Instructions to the extent they impose additional obligations and requirements on Defendants beyond those required or permitted by the Federal Rules of Civil Procedure 33 and 34.

**OBJECTIONS TO INSTRUCTIONS FOR INTERROGATORIES**

1. Defendants object to Instruction No. 4 insofar as it purports to require Defendants to seek and obtain information outside the possession, custody, or control of any party.

**OBJECTIONS TO INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

1. Defendants object to Instruction No. 2 insofar as producing electronically stored data from ICE's proprietary databases in native format with metadata intact is impractical and infeasible under the expedited timelines applicable to this case. Producing documents in such form is unduly burdensome and disproportionate to the needs of the case. Defendants will produce documents in .pdf format.

**GENERAL OBJECTIONS**

1. Defendants object to Plaintiffs' Third Discovery Requests on the grounds that they greatly exceed the scope of permissible discovery in APA cases. The Court's review under the APA is limited to a determination of whether the Interim Guidance is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). Judicial review under this standard is limited to the administrative record that was before the decision-making agency and may not include a new record constructed by the reviewing court. *Camp v. Pitts*, 411 U.S. 138, 143 (1973). Indeed, "[i]f the record before the agency does not support the agency action, if the agency has not considered all the relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Accordingly, any discovery sought concerning Plaintiffs' APA claims is inappropriate.

2. The Court authorized limited discovery only as to the issues of standing and irreparable harm. Defendants will not produce information that is outside the scope of those topics.

3. Defendants object to each and every request to the extent that it is deemed to require disclosure of matters subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges, including the deliberative process privilege and the presidential communications privilege. Defendants will not provide privileged information in response to Plaintiffs' Third Discovery Requests.

4. Defendants incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendants do not waive their right to amend their responses.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Interrogatory No. 5**: IDENTIFY by month the total number of ICE immigration detainers issued for NONCITIZENS in custody of federal, state, and local law enforcement agencies, jails, and prisons for the time period of January 1, 2020 to present.

**Objections:** Defendants object to Interrogatory No. 5 to the extent it seeks information that is not relevant to any alleged irreparable harm incurred by the states of Arizona and Montana. Defendants further object because the information related to the number of detainers issued is not relevant to the legal claims in this case, which concerns only execution of final orders of removal. Defendants also object to Interrogatory No. 5 to the extent that generating the information necessary to respond to the interrogatory as drafted is unduly burdensome and disproportionate to the needs of the case. Due to the nature of ICE's record systems, significant lead time is necessary to collect and process relevant data, and collecting data on an ongoing basis is unduly burdensome and disproportionate to the needs of the case. Based on the information readily available to ICE, Defendants will provide the total number of immigration detainers issued by ICE, by month, from January 1, 2020 to May 1, 2021.

**Response:** Subject to and without waiving the foregoing objections, the following data represents the total number of ICE immigration detainers, by month, issued for NONCITIZENS in custody of federal, state, and local law enforcement agencies, jails, and prisons for the time period of January 1, 2020 to May 1, 2021, for the United States, and more narrowly for the states of Arizona and Montana, respectively:

**ERO Detainers FY2020 - FY2021 YTD (Filtered to 1/1/2020 - 5/1/2021)**

| Fiscal Year | 1-Oct | 2-Nov | 3-Dec | 4-Jan | 5-Feb | 6-Mar | 7-Apr | 8-May | 9-Jun | 10-Jul | 11-Aug | 12-Sep | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | | 11,749 | 10,349 | 9,777 | 7,279 | 9,840 | 8,911 | 9,631 | 11,185 | 10,853 | **89,574** |
| 2021 | 11,433 | 10,173 | 9,525 | 9,570 | 5,023 | 2,233 | 2,323 | 24 | | | | | **50,304** |

**ERO Detainers FY2020 - FY2021 YTD (Filtered to 1/1/2020 - 5/1/2021) Issued to Detainer Facilities in Arizona**

| Fiscal Year | 1-Oct | 2-Nov | 3-Dec | 4-Jan | 5-Feb | 6-Mar | 7-Apr | 8-May | 9-Jun | 10-Jul | 11-Aug | 12-Sep | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | | 429 | 478 | 384 | 280 | 302 | 225 | 253 | 341 | 321 | **3,013** |
| 2021 | 298 | 305 | 291 | 225 | 86 | 63 | 91 | - | | | | | **1,359** |

**ERO Detainers FY2020 - FY2021 YTD (Filtered to 1/1/2020 - 5/1/2021) Issued to Detainer Facilities in Montana**

| Fiscal Year | 1-Oct | 2-Nov | 3-Dec | 4-Jan | 5-Feb | 6-Mar | 7-Apr | 8-May | 9-Jun | 10-Jul | 11-Aug | 12-Sep | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | | 4 | 3 | 1 | 3 | 7 | 9 | 4 | 6 | 3 | **40** |
| 2021 | 8 | 1 | 2 | 3 | - | - | 1 | - | | | | | **15** |

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 4**: Provide copies of ALL underlying reports and data used to provide the responses to Interrogatories 1-5 that seek numerical data and statistics.

**Objections:** Defendants object insofar as "underlying reports and data" is vague and ambiguous. Defendants understand this term to refer to summary data and not to raw data for each individual enforcement action. To the extent that this request seeks the underlying raw data for each enforcement action, the request is unduly burdensome and disproportionate to the needs of the case. The underlying raw data related to individual enforcement actions comprises many millions of data, including information that is subject to law enforcement privilege, deliberative process privilege, attorney-client privilege, or other governmental privilege. Given the burden of collecting all of this raw data, converting it to a producible form, reviewing it for privilege, producing it, and generating a privilege log, such a request would be unduly burdensome and vastly disproportionate to the needs of the case. Defendants further object to the extent that such a request would seek information that is protected by the deliberative process privilege, the attorney-client privilege, law enforcement privilege, or other governmental privilege.

**Response:** Subject to and without waiving the foregoing objection, Defendants do not possess any documents responsive to this request in their possession, custody or control beyond the information provided in response to Interrogatories 2 and 5, the only interrogatories that seek numerical data and statistics. Due to the manner in which DHS collates data, there are no specific reports or data subsets used to provide responses to Interrogatories 2 or 5. Rather the particular data sought was specifically queried, from DHS's comprehensive and proprietary database.

**Request for Production No. 5:** Provide copies of ALL DOCUMENTS, including communications from, to or copying the Acting ICE Director, regarding the possible removal flight is mentioned in the administrative record at AR_AZ00004703.

**Objections:** Defendants object to Request for Production No. 5 in its entirety and will not respond. Defendants object that the phrase "the possible removal flight is [sic] mentioned in the administrative record at AR_AZ00004703" is vague and ambiguous. Defendants understand this to refer to a removal flight scheduled to depart the United States for a location in Africa between February 1, 2021 and February 6, 2021. The scope of discovery is limited by the Court to the topics of irreparable harm and standing related to the Interim Guidance. The relevant time period predates the February 18, 2021 Interim Guidance that is the subject of discovery in this litigation. Any information related to such a flight is therefore not relevant to any injury or harm to Plaintiffs caused by the Interim Guidance because an effect cannot precede its cause. Defendants further object to Request for Production No. 5 to the extent that it seeks information that is protected by the deliberative process privilege, the attorney-client privilege, law enforcement privilege, or other governmental privilege.

As to the interrogatories, see Attachment A.

As to the objections:

Dated: May 12, 2021                                  Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

 /s/*Michael F. Knapp*
MICHAEL F. KNAPP
CA Bar No. 314104
Trial Attorney
ADAM KIRSCHNER
IL Bar No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018

KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW Room 12008
Washington, D.C. 20530
(202) 514-2071 (telephone)
(202) 616-8470 (facsimile)
Email: Michael.F.Knapp@usdoj.gov
Adam.Kirschner@usdoj.gov
Brian.C.Rosen-Shaud@usdoj.gov
Kuntal.Cholera@usdoj.gov

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*

# ATTACHMENT A

I declare under penalty of perjury that the foregoing interrogatory response is true and correct to the best of my knowledge as it relates to the U.S. Immigration and Customs Enforcement.

Thomas R. Decker
Acting Assistant Director
Field Operations
U.S. Immigration and Customs Enforcement

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendants' Objections and Responses to Plaintiffs' Discovery Requests was served on counsel for Plaintiff via email on May 12, 2021.

*/s/ Michael F. Knapp*
MICHAEL F. KNAPP