| | |
|---|---|
| **MARK BRNOVICH**<br>ATTORNEY GENERAL<br>(Firm State Bar No. 14000) | **AUSTIN KNUDSEN**<br>MONTANA ATTORNEY GENERAL |
| Joseph A. Kanefield (No. 15838)<br>Brunn (Beau) W. Roysden III (No. 28698)<br>Drew C. Ensign (No. 25463)<br>Anthony R. Napolitano (No. 34586)<br>Robert Makar (No. 33579)<br>2005 N. Central Ave<br>Phoenix, AZ 85004-1592<br>Phone: (602) 542-8958<br>Joe.Kanefield@azag.gov<br>Beau.Roysden@azag.gov<br>Drew.Ensign@azag.gov<br>Anthony.Napolitano@azag.gov<br>Robert.Makar@azag.gov<br>*Attorneys for Plaintiffs State of Arizona and Mark Brnovich in his official capacity* | David M. Dewhirst*<br>  *Solicitor General*<br>215 N Sanders St.<br>Helena, MT 59601<br>Phone: (406) 444-4145<br>David.Dewhirst@mt.gov<br><br>*pro hac vice granted<br><br>*Attorneys for Plaintiff State of Montana* |

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona; State of Montana; and Mark Brnovich, in his official capacity as Attorney General of Arizona,<br><br>         Plaintiffs,<br><br>         v.<br><br>United States Department of Homeland Security; United States of America; Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; Troy Miller, in his official capacity as Acting Commissioner of United States Customs and Border Protection; Tae Johnson, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and Tracy Renaud, in her official capacity as Acting Director of U.S. Citizenship and Immigration Services,<br><br>         Defendants. | No. 2:21-cv-00186-SRB<br><br>**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' SECOND NOTICE REGARDING TIMELINE FOR SUPERSEDING IMMIGRATION ENFORCEMENT PRIORITIES (DOC. 89)** |

**NOTICE/RESPONSE TO NOTICE**

Plaintiffs, the States of Arizona and Montana, hereby respond to Federal Defendants' Second Notice Regarding Timeline For Superseding Immigration Enforcement Priorities (Doc. 89) ("Second Delay Notice"). The Second Delay Notice explains that the Interim Guidance will not be replaced either:

- In the original "less than 90 days" timeline, as provided in the Interim Guidance itself; *or*
- "In the beginning of July" as "Defendants previously advised the Court that they then expected" to issue it. Doc. 89 at 1.

Defendants now "expect that the Secretary will issue new immigration priorities by the end of August or beginning of September"—though even this latest representation is caveated based on "the needs of the agency and other contingencies." *Id.*

This latest delay—which may not even be the last (particularly if past is prologue)—further supports Plaintiffs' arguments that the Interim Guidance is a substantive rule that is reviewable as final agency action under the APA. As the Ninth Circuit has held, "In determining whether an agency's action is final, we look to whether the action [1] amounts to a definitive statement of the agency's position or [2] has a direct and immediate effect on the day-to-day operations of the subject party, or [3] if immediate compliance with the terms is expected." *Oregon Nat. Desert Ass'n v. U.S. Forest Serv. ("ONDA")*, 465 F.3d 977, 982 (9th Cir. 2006) (cleaned up). The test is notably stated in the disjunctive, so satisfying any of those three criteria can suffice. *Id.* Courts "focus on the practical and legal effects of the agency action: The finality element must be interpreted in a pragmatic and flexible manner." *Id.* (cleaned up).

There is no genuine dispute that the Interim Guidance affects the Defendants' day-to-day operations in an outcome-determinative manner. As this Court has already recognized: "So, of 325 individuals *who, before February 18th, would have been put into immigration detention and removed, only seven have*. Doesn't that sound like a

prohibition on removal of anybody other than in the first three categories?" 5/27/21 Tr. at 19-20 (emphasis added).

Defendants' Second Delay Notice and this Court's statements now underscore that the "Interim Guidance" is an oxymoron: it is neither mere "guidance" (and instead is almost uniformly dispositive where applicable) nor particularly "interim"—with Defendants now admitting it likely will be in place for *at least* six months. Particularly as finality "must be interpreted in a pragmatic and flexible manner," *ONDA,* 465 F.3d at 982, the fact that Defendants have imposed new substantive, outcome-determinative criteria that have been in place for *more than four months* now—and likely will be in place for *at least two more*—mandates a conclusion that the Interim Guidance is final agency action reviewable under the APA.

Moreover, both of the two other alternative methods of establishing finality recognized by the Ninth Circuit are met here as well:

- There is no indication that the Interim Guidance is not the "definitive statement of the agency's position," *id.*, and
- "*Immediate compliance* with the terms [wa]s expected," *id.* (emphasis added). Indeed, Acting Director Johnson's midnight email makes plain his expectation of *immediate* compliance: "*Effective immediately … only* those who meet the [Section B] priorities will be removed." Dkt. 64 at 3 (emphasis added).

Because Defendants' Second Delay Notice now makes clear that the Interim Guidance will affect—indeed, *dominate*—Defendants' day-to-day operations for a period of six months (or more), Ninth Circuit precedents mandate a conclusion that the Interim Guidance is a final rule subject to review under the APA.

## CONCLUSION

For the foregoing reasons, Defendants' Second Delay Notice provides further evidence that the Plaintiff States' motion for a preliminary injunction should be granted and Defendants' motion to dismiss denied.

RESPECTFULLY SUBMITTED this 29th day of June, 2021.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By /s/ *Anthony R. Napolitano*
  Joseph A. Kanefield (No. 15838)
  Brunn W. Roysden III (No. 28698)
  Drew C. Ensign (No. 25463)
  Anthony R. Napolitano (No. 34586)
  Robert J. Makar (No. 33579)
    *Assistant Attorneys General*

*Attorneys for Plaintiffs Arizona and Arizona Attorney General Mark Brnovich*

**AUSTIN KNUDSEN**
**ATTORNEY GENERAL OF MONTANA**

/s/ *David M.S. Dewhirst (with permission)*
David M.S. Dewhirst*
 *Solicitor General*
*Pro hac vice granted

*Attorneys for Plaintiff State of Montana*

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2021, I emailed the attached document to counsel for Defendants.  I further hereby certify that on May 20, 20021, I electronically transmitted the attached document to the Clerk's office using CM/ECF System for filing. Notice of this filing is sent by email to all parties by operation of the Court's electronic filing system.

  /s/ *Anthony R. Napolitano*