**MARK BROVICH**
**ARIZONA ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joseph A. Kanefield (No. 15838)
Brunn (Beau) W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
Anthony R. Napolitano (No. 34586)
Robert Makar (No. 33579)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8958
Joe.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
Anthony.Napolitano@azag.gov
Robert.Makar@azag.gov
*Attorneys for Plaintiffs State of Arizona and
Mark Brnovich in his official capacity*

**AUSTIN KNUDSEN**
**MONTANA ATTORNEY GENERAL**

David M. Dewhirst*
   *Solicitor General*
215 N Sanders St.
Helena, MT 59601
Phone: (406) 444-4145
David.Dewhirst@mt.gov

*\*pro hac vice granted*

*Attorneys for Plaintiff State of Montana*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona; State of Montana; and Mark Brnovich, in his official capacity as Attorney General of Arizona,<br><br>        Plaintiffs,<br><br>        v.<br><br>United States Department of Homeland Security; United States of America; Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; Troy Miller, in his official capacity as Acting Commissioner of United States Customs and Border Protection; Tae Johnson, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; and Tracy Renaud, in her official capacity as Acting Director of U.S. Citizenship and Immigration Services,<br><br>        Defendants. | No. 2:21-cv-00186-SRB<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION** |

Pursuant to LRCiv 7.2(g), Plaintiffs respectfully move for reconsideration of the portion of this Court's Order of June 30, 2021, Dkt. 91, ("Order") finding that the Interim Guidance is not subject to judicial review and granting Defendants' Motion to Dismiss (Dkt. 59). The Order did not consider new "legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence."

## INTRODUCTION

Plaintiffs filed their Amended Complaint challenging the January 20 Memorandum ("Memorandum") and February 18 Interim Guidance ("Interim Guidance") issued by DHS on March 8, 2012, and a Motion for Preliminary Injunction on that same date. Order, Dkt. 91 at 5-6. The Amended Complaint alleges that the Memorandum and Interim Guidance were issued in violation of the Administrative Procedure Act and 8 U.S.C. § 1231. *Id.* The Court heard argument on the preliminary injunction motion on April 8, 2021, and ordered additional briefing, including allowing Defendants' Motion to Dismiss on that same schedule. *Id.* at 6. The Court heard argument on both the preliminary injunction and on the motion to dismiss on May 27, 2021, and took the matter under advisement. Order, Dkt. 91 at 7; 5/27/21 Tr. at 38.

On June 29, 2021, the Supreme Court issued an opinion in *Johnson v. Guzman Chavez*, 2021 WL 2653264 (U.S. June 29, 2021), in which it interpreted the directive that DHS "shall remove the alien from the United States within a period of 90 days" in 8 U.S.C. § 1231(a)(1)(A), key language to the issues before this Court. On June 30, 2021, this Court issued the Order, which granted Defendants' Motion to Dismiss. On that same day, counsel for Plaintiffs were drafting a notice of supplemental authority to bring *Guzman Chavez* to the Court's attention, but had not completed it by the time the Order was issued. The Court's June 30 Order did not take *Guzman Chavez* into account, instead noting Plaintiffs' reliance on "one sentence used by the Ninth Circuit in *Lema v. INS*" as authority for Plaintiffs' interpretation of § 1231(a)(1)(A), which the Court did not find sufficiently controlling. Order, Dkt. 91 at 18. Plaintiffs filed an Emergency Motion for Injunction Pending Appeal one day later on July 1, 2021, in which they first brought *Guzman Chavez*

1  to the Court's attention, and are filing this Motion for Reconsideration one day after that

2  on July 2, 2021.

3  ## LEGAL STANDARD

4  This Court has discretion to reconsider and modify any intermediate, non-final order

5  before final judgment.  Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th

6  Cir. 1996) ("[I]nterlocutory orders … are subject to modification by the district judge at

7  any time prior to final judgment.").  A motion for reconsideration is appropriate where new

8  legal authority has arisen "that could not have been brought to [the Court's] attention earlier

9  with reasonable diligence."  LRCiv. 7.2; *Johnson v. Teltara, LLC*, 2010 WL 3239388, at

10 *1 (D. Ariz. Aug. 16, 2010) (*citing Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS,

11 Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate … if there is an

12 intervening change in controlling law.")).

13 ## ARGUMENT

14 The Supreme Court's precedent in *Johnson v. Guzman Chavez*, 2021 WL 2653264

15 (U.S. June 29, 2021), issued just one day before this Court's Order, is new legal authority

16 interpreting "shall" in 8 U.S.C. § 1231(a)(1)(A) as mandatory language, resolving a key

17 element of the Order in the opposite direction.  The Order granted Defendants' Motion to

18 Dismiss because it "does not read the use of a naked 'shall' in § 1231(a)(1)(A) as stripping

19 the Government of its discretion … and as mandating the removal of all noncitizens with

20 final orders of removal within 90 days. Section 1231(a)(1)(A) therefore does not suffice to

21 rebut the presumption of non-reviewability."  Order, Dkt. 91 at 17-18.  But the Supreme

22 Court in *Guzman Chavez* interprets the directive that DHS "shall remove the alien" in §

23 1231(a)(1)(A) to mean "[o]nce an alien is ordered removed, DHS *must* physically remove

24 him from the United States within a 90-day 'removal period.'"  2021 WL 2653264, at *4

25 (U.S. June 29, 2021) (emphasis added).[1]  The Supreme Court further holds:

26

27 _____

28    [1] A copy of this opinion has been provided to the Court as Exhibit A to Plaintiffs'
Emergency Motion For Injunction Pending Appeal, Dkt. 93-1.  Pursuant to LRCiv
7.1(d)(1), Dkt 93-1 Exhibit A is incorporated herein and will not be refiled.

> the most natural reading of the "except as otherwise provided" clause is that DHS must remove an alien within 90 days *unless* another subsection of §1231 specifically contemplates that the removal period can exceed 90 days.  That aligns with the rest of §1231, which contains specific provisions mandating or authorizing DHS to extend detention beyond 90 days.

*Id.* at *10.  The Supreme Court thus establishes that the statute issues a command to DHS in mandatory language and that the only exceptions are those expressly written in the statute.  This confirms Plaintiffs' "argu[ment] that in this context 'shall' means 'must,'" and the Ninth Circuit's similar reading in *Lema v. INS*, 341 F.3d 853, 855 (9th Cir. 2003), which this Court distinguished and declined to follow.  Order, Dkt. 91 at 17-18.

The Supreme Court's reading of § 1231(a)(1)(A) necessitates a finding that the Interim Guidance is not a matter committed to agency discretion and thus any presumption against reviewability in this regard is rebutted here under *Heckler v. Chaney*, 470 U.S. 821 (1985).   *Chaney* provides two independent exceptions to the presumption against reviewability: the presumption is rebutted where (1) Congress "has provided guidelines for the agency to follow in exercising its enforcement powers" or (2) "the agency has consciously and expressly adopted a general policy that is so extreme as to amount to an abdication of its statutory responsibilities." *Chaney*, 470 U.S. at 832-33 and n.4.  While meeting just one of these exceptions is sufficient to demonstrate that the agency action is reviewable, the Supreme Court's reading of § 1231(a)(1)(A) supports both *Chaney* exceptions as applied to the Interim Guidance.

First, as mandatory language subject only to express statutory exceptions, Congress's directive in § 1231(a)(1)(A) provides clear "guidelines for the agency to follow in exercising its enforcement powers." *Chaney*, 470 U.S. at 832-33 (1985).  As this Court noted, such a reading limits the discretion afforded immigration officials.  Order, Dkt. 91 at 16.  As this Court also noted, where this reading was applied by the Southern District of Texas, it found that the removal pause in the January 20 Memorandum, the direct antecedent policy upon which the Interim Guidance was built, was "not an action

committed to agency discretion." *Texas v. United States*, 2021 WL 2096669, at \*38, (S.D. Tex. Feb. 23, 2021); Order, Dkt. 91 at 17.  Therefore, the Interim Guidance is reviewable because § 1231(a)(1)(A), as interpreted by the Supreme Court, provides a mandate constituting "guidelines for the agency to follow" in exercising its removal enforcement powers that satisfies the standard in *Chaney*.

Second, as Plaintiffs presented in their prior briefing and incorporate here, the Interim Guidance is "an abdication of [DHS's] statutory responsibilities." *Chaney*, 470 U.S. at 833 n.4; Reply in Support of Mot. for Preliminary Injunction, Dkt. 38 at 4-6; Response to MTD, Dkt. 70 at 11-13.  The Supreme Court's *Guzman Chavez* decision clarifies DHS's "statutory responsibilities" as mandatory and only subject to express statutory exception under § 1231, which supports a different outcome in this Court's analysis.  2021 WL 2653264, at \*4 (U.S. June 29, 2021).  This abdication is borne out through evidence on the record demonstrating a "big drop off in removals" following the Interim Guidance—roughly 325 fewer per month in total with only 7 other-priority removals—for which the Interim Guidance is the "only factor" responsible.  Plaintiffs' 3-Page Supplement, Dkt. 79 at 4; 5/27/21 Tr. at 19-20.  And this policy's express and conscious adoption is indicated by Director Johnson's February 4 email that "only those who meet the [Section B] priorities will be removed."  Suppl. Br. in Support of Mot. for Preliminary Injunction., Dkt. 64 at 3.  This abdication provides a second, independent reason why the Interim Guidance is reviewable.

Therefore, the Supreme Court's decision in *Guzman Chavez* necessitates reconsideration and reversal of the portion of the Order that found that the Interim Guidance is not subject to judicial review and that granted Defendants' Motion to Dismiss. This represents new legal authority issued one day before the Court's Order which could not have been brought to the Court's attention earlier with reasonable diligence, thus satisfying LRCiv 7.2(g)'s requirements.

**CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request that this Court reconsider and reverse its Order of June 30, 2021, to the extent that it (1) found that the Interim Guidance is not subject to judicial review and (2) granted Defendants' Motion to Dismiss, and this Court should deny Defendants' Motion to Dismiss (Dkt. 59).

RESPECTFULLY SUBMITTED this 2nd day of July, 2021.

**MARK BRNOVICH**
**ARIZONA ATTORNEY GENERAL**

By /s/ *Anthony R. Napolitano*
Joseph A. Kanefield (No. 15838)
Brunn W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
Anthony R. Napolitano (No. 34586)
Robert J. Makar (No. 33579)
  *Assistant Attorneys General*

*Attorneys for Plaintiffs Arizona and Arizona Attorney General Mark Brnovich*

**AUSTIN KNUDSEN**
**MONTANA ATTORNEY GENERAL**

*/s/ David M.S. Dewhirst (with permission)*
David M.S. Dewhirst*
 *Solicitor General*
*Pro hac vice granted*

*Attorneys for Plaintiff State of Montana*

CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically transmitted the attached document to the Clerk's office using CM/ECF System for filing.  Notice of this filing is sent by email to all parties by operation of the Court's electronic filing system.

 */s/ Anthony R. Napolitano*