# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-21-00186-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Homeland Security, et al., | |
| Defendants. | |

The Court now considers Plaintiffs State of Arizona, Arizona Attorney General Mark Brnovich, and State of Montana ("Plaintiffs")' Motion for Reconsideration ("Motion") of the Court's June 30, 2021 Order granting the Government's[1] Motion to Dismiss. (Doc. 91, 06/30/21 Order; Doc. 96, ("Mot.").)

**I.    BACKGROUND**

The facts of this case have been summarized in a previous order and are fully incorporated herein. (*See* 06/30/21 Order at 1–7.) In brief, Plaintiffs, under the Administrative Procedure Act ("APA"), challenge two recent actions taken by the federal government regarding civil immigration enforcement. First, Plaintiffs challenge Section C of a January 20, 2021 Memorandum ("January 20 Memo") issued by DHS Acting Secretary David Pekoske that paused all removals of unlawfully present noncitizens for

---

[1] "Government" refers to all Defendants in this case: United States of America, United States Department of Homeland Security ("DHS"), DHS Secretary Alejandro Mayorkas, Acting Commissioner of United States Customs and Border Protection Troy Miller, Acting Director of United States Immigration and Customs Enforcement ("ICE") Tae Johnson, and Acting Director of United States Citizenship and Immigration Services Tracy Renaud.

100 days, subject to certain exceptions. (*See* Doc. 12, Am. Compl.; Doc. 12-1, Ex. A, Mem. from Acting Secretary Pekoske to Acting Commissioner Miller, Acting Director Johnson, & Acting Director Renaud (Jan. 20, 2021).) Second, Plaintiffs challenge Interim Guidance issued by ICE Acting Director Johnson on February 18, 2021, which revised and expanded upon interim civil immigration enforcement priorities laid out in Section B of the January 20 Memo. (*See* Am. Compl.; Doc. 12-1, Ex. G, Mem. from Acting Director Johnson to All ICE Employees (Feb. 18, 2021)).

On June 30, 2021, the Court granted the Government's Motion to Dismiss Plaintiffs' Amended Complaint.[2] (06/30/21 Order.) The Court determined that any challenge to Section C of the January 20 Memo is moot, as Section C's pause on removals expired by its own terms on April 30, 2021 and Plaintiffs acknowledged they were no longer challenging Section C.[3] (*Id.* at 9.) The Court additionally found that the Interim Guidance's prioritization scheme is agency action committed to agency discretion by law and is therefore unreviewable under the APA. (*Id.* at 15–19.)

Plaintiffs filed the present Motion on July 2, 2021. (Mot.) At the Court's direction, the Government filed an Opposition to the Motion on July 16, 2021 and Plaintiffs filed a Reply in Support of the Motion on July 23, 2021. (Doc. 107, Gov't's Opp'n to Mot. ("Opp'n"); Doc. 108, Reply in Supp't of Mot.)

## II.   LEGAL STANDARD & ANALYSIS

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). However, motions for reconsideration are generally disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g); *accord Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("A district court may properly reconsider its decision if it (1) is

---

[2] The Court also denied Plaintiffs' Motion for Preliminary Injunction as moot in light of the Court's decision on the Motion to Dismiss. (06/30/21 Order at 20.)

[3] The District Court for the Southern District of Texas had already entered a nationwide injunction preventing the Government from enforcing the pause on removals on February 23, 2021. *See Texas v. United States*, No. 6:21-cv-00003, 2021 WL 2096669 (S.D. Tex. Feb. 23, 2021).

presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (internal quotation marks and citation omitted). Disagreement with an order is an insufficient basis for reconsideration: reconsideration is not an opportunity for a party to make new arguments or to ask a court to rethink its analysis. *See Ariz. Dream Act Coal. v. Brewer*, 945 F. Supp. 2d 1049, 1078 (D. Ariz. 2013) (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.* 841 F.2d 918, 925–26 (9th Cir. 1988)), *rev'd and remanded on other grounds*, 757 F.3d 1053 (9th Cir. 2014).

Plaintiffs argue that the United States Supreme Court's decision in *Johnson v. Guzman Chavez*, 141 S. Ct. 2271 (2021), rendered one day before this Court issued its June 30, 2021 Order, "is new legal authority interpreting 'shall' in 8 U.S.C. § 1231(a)(1)(A) as mandatory language, resolving a key element of the [June 30, 2021] Order in the opposite direction." (Mot. at 2.) Therefore, Plaintiffs continue, § 1231(a)(1)(A) supports both exceptions to the presumption against reviewability established under *Heckler v. Chaney*, 470 U.S. 821 (1985), and this Court may review the Interim Guidance because it is *not* agency action committed to agency discretion. (*Id.* at 3–4.)

The Government responds that "[n]othing in the Supreme Court's recent decision in *Johnson v. Guzman Chavez* undermines" the Court's conclusion that § 1231(a)(1)(A) does not impose "a judicially enforceable duty on the DHS Secretary to remove all noncitizens with final orders of removal within 90 days," and therefore *Guzman Chavez* does not represent an intervening change in controlling law that would warrant reconsideration.[4] (Opp'n at 1.)

The Court is unpersuaded that *Guzman Chavez* is new legal authority that requires reversal of its previous decision to grant the Government's Motion to Dismiss. In *Guzman Chavez*, the Supreme Court granted certiorari to resolve a circuit split regarding a single

---

[4] The Government also argues that "[t]here is at least a question regarding the Court's continuing jurisdiction to reconsider its June 30, 2021, Order" because Plaintiffs "have appealed the single Order they now seek reconsideration of[.]" (Opp'n at 1 n.2.) The Government requests that if the Court "intends" to grant the Motion, it should instead "make an indicative ruling" under Federal Rule of Civil Procedure 62.1. (*Id.*) Because the Court denies the Motion, it does not reach this argument.

issue: which statute—8 U.S.C. § 1226 or 8 U.S.C. § 1231—governed the detention of noncitizens subject to reinstated orders of removal who sought withholding of removal to the country designated by the reinstated removal orders. 141 S.Ct. at 2280, 2283–84. If the answer was § 1226, the noncitizens could have received a bond hearing before an immigration judge, but if the answer was § 1231, they could not. *Id.* at 2280. To resolve that issue, the Supreme Court only answered two questions: "whether [those noncitizens] were 'ordered removed' and whether their reinstated removal orders were 'administratively final.'" *Id.* at 2284. The Supreme Court ultimately decided that the answers to both questions were yes, that § 1231 applied, and that the noncitizens were not entitled to a bond hearing while they pursued their withholding claims. *Id.* at 2284–85. It did *not* address judicial review of agency action under the APA, the wide discretion the federal government wields with respect to civil immigration enforcement, whether § 1231(a)(1)(A) mandates removal within 90 days, nor whether § 1231(a)(1)(A) rebuts the presumption against reviewability under *Chaney*. *Guzman Chavez* simply did not address the issues before this Court.

      To be sure, there is language in *Guzman Chavez* that suggests that § 1231(a)(1)(A) imposes a mandate. *See, e.g.*, *id.* at 2281 ("Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'"); *id.* at 2288 ("[T]he most natural reading of the 'except as otherwise provided' clause [of § 1231(a)(1)(A)] is that DHS must remove an alien within 90 days *unless* another subsection of § 1231 specifically contemplates that the removal period can exceed 90 days." (emphasis in original)). However, the Supreme Court stopped well short of stating that DHS maintains no discretion to remove a noncitizen after the 90-day removal period has expired. Instead, it acknowledged that "§ 1231 expressly authorizes DHS to release under supervision or continue the detention of [removable noncitizens] if removal cannot be effectuated within the 90 days." *Id.* at 2291 (citing 8 U.S.C. § 1231(a)(3), (6)). The Court finds that much of the Supreme Court's tangential discussion of the 90-day removal period concerned its relation to withholding of removal, not whether DHS is required to

remove all noncitizens with final orders of removal within 90 days. *Guzman Chavez* therefore is not new legal authority that demands a different result than that reached in the Court's June 30, 2021 Order.

### III.    CONCLUSION

Having determined that *Guzman Chavez* does not represent an intervening change in controlling law warranting reconsideration, the Court denies Plaintiffs' Motion.

**IT IS ORDERED** denying Plaintiffs State of Arizona, Arizona Attorney General Mark Brnovich, and State of Montana's Motion for Reconsideration (Doc. 96).

Dated this 12th day of August, 2021.

*[Signature]*
Susan R. Bolton
United States District Judge